# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**SCHAMBEAU DENTAL CARE, P.C.**, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

**DENT AMERICA WHOLESALE, INC. d/b/a "DENT AMERICA"**
    Defendant.

**CIVIL ACTION NO.**

## CLASS ACTION COMPLAINT

1. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." 47 U.S.C. § 227, Congressional Statement of Findings #5. In enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile, hereinafter "Junk Faxes." 47 U.S.C. § 227. Plaintiff Schambeau Dental Care, P.C. ("Schambeau Dental"), is a private dental practice in Birmingham, Alabama, which has been inundated with Junk Faxes. Schambeau Dental brings this class action to challenge Dent America Wholesale, Inc. d/b/a Dent America's widespread issuance of Junk Faxes in violation of the TCPA.

## THE PARTIES

2. The Plaintiff, Schambeau Dental, LLC, is a private medical practice in Birmingham, Alabama.

3. The Defendant, Dent America Wholesale, Inc. d/b/a Dent America ("Dent America") is a business located at 1259 RT 46E in Parsippany, NJ 07054.

## JURISDICTION

4. The District Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred here, as Dent America sent the challenged Junk Faxes to this District.

## THE LEGAL BASIS OF THE CLASS CLAIMS

6. Schambeau Dental's claims, and those of the class it seeks to represent, arise under the TCPA.

7. Among other provisions, the TCPA forbids Junk Faxes – sending unsolicited advertisements for goods and services via facsimile. 47 U.S.C. §227(b)(1)(C).

8. The TCPA requires that even fax advertisements being sent to those who consented to their receipt, or with whom the advertiser had an established business relationship, must include an Opt Out Notice. 47 U.S.C. §227(b)(2)(D).

9. Among other things, the Opt Out Notice provision requires the sender to clearly disclose in the body of the fax that recipients may request that the sender stop sending them fax advertisements – and that failure to remove the recipient from the sender's database within thirty days of such a request is itself a violation of the TCPA.

10. Section §227(b)(3) of the TCPA provides a private right of action:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

**FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF**

11. On August 24, 2015, Dent America sent a fax advertisement to Schambeau Dental touting its dental product services at "whole sale" prices.

12. This fax advertisement is a form document not specifically addressed to recipients.

13. The fax advertisement includes the logo and website for Dent America.

14. The fax advertisement contains a telephone number for Dent America.

15. Schambeau Dental did not consent to receive fax advertisements from Dent America.

16. The Junk Fax form does not contain an Opt Out Notice that complies with the TCPA.

17. A copy of the Junk Fax sent to Schambeau Dental is attached as Exhibit 1.

**CLASS ALLEGATIONS**

18. Schambeau Dental brings this action under Fed. R. Civ. P. 23.

19. Through the transmission of generic fax advertisements promoting its goods and services, including the Junk Fax it sent to Schambeau Dental, Dent America has engaged in wholesale violations of the TCPA.

20. Based on the generic style of the fax advertisement, the standard telemarketing reach of a Junk Fax campaign, and the geographic distance between Schambeau Dental's Alabama office and Dent America's New Jersey locale, Dent America has likely transmitted Junk Faxes to thousands of recipients throughout the United States.

21. Dent America did not obtain the consent of Junk Fax recipients prior to sending them.

22. To the extent facsimile advertisements were transmitted by Dent America to those who had given consent, or had an established business relationship with it, of which there is no evidence at this time, the Junk Faxes still violate the TCPA, as they did not contain the Opt Out Notice required by law.

23. The class that Schambeau Dental seeks to represent is composed of all persons or entities within the United States to whom Dent America sent Junk Faxes promoting Dent America's goods or services at any time within four years prior to the filing of this Complaint.

24. The class defined above is identifiable by Dent America and its business partners or agents, from the databases used to send the Junk Faxes.

25. There are questions of law and fact common to Schambeau Dental and to the proposed class, including but not limited to the following:

    a. Whether Dent America violated the TCPA by engaging in fax advertising;

    b. Whether the facsimiles sent by Dent America to class members constitute unsolicited advertisements; and

    c. Whether Schambeau Dental and the members of the class are entitled to statutory damages as a result of Dent America's actions.

26. Schambeau Dental's claims are typical of the claims of the class.

27. Schambeau Dental is an adequate representative of the class because its interests do not conflict with those of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

28. Common questions of law and fact predominate over questions affecting only individual class members and a class action is the superior method for the fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Dent America and/or its agents.

29. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

30. Schambeau Dental is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

31. Schambeau Dental is capable of representing the members of the class.

## CAUSES OF ACTION
### COUNT I: VIOLATION OF THE TCPA

32. Dent America caused Junk Faxes promoting its goods and services to be sent to Schambeau Dental and class members, in violation of the TCPA.

33. By sending Junk Faxes to the class, Dent America violated class members' privacy rights.

34. By sending Junk Faxes to the class, Dent America caused class members to sustain property damage and cost in the form of paper and toner.

35. By sending Junk Faxes to the class, Dent America interfered with the class members' use of their property, as class members' facsimile machines were encumbered by the transmission of Dent America's Junk Faxes.

36. Dent America failed to provide the requisite Opt Out Notice on its Junk Faxes, informing the recipients of their right to cease receiving such advertisements and a cost free mechanism to make such request.

37. Failure to provide Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

38. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of its terms.

### COUNT II: INJUNCTIVE RELIEF

39. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

40. Schambeau Dental, on behalf of the Class, respectfully petitions the Court to order Dent America to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

### PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and members of the class, Schambeau Dental prays for the following relief:

1. That Dent America be enjoined from engaging in future telemarketing in violation of the TCPA;

2. That Dent America, its agents, or anyone acting on its behalf, be enjoined from altering, deleting or destroying any documents or records that could be used to identify the class members;

3. That this Court certify the claims of Schambeau Dental and all others similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure;

4. That Schambeau Dental and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Dent America and $1,500 for each willful violation;

5. That the Court enter an appropriate order enjoining Dent America, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom Dent America have transmitted unsolicited facsimile advertisements; and

6. That Schambeau Dental and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

### JURY DEMAND

Schambeau Dental requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted,

*s/ J. Matthew Stephens*
J. Matthew Stephens (ASB-3788-E66S)
Phillip W. McCallum (ASB-1778-C40P)
**MCCALLUM, METHVIN & TERRELL, PC**
2201 Arlington Avenue S.
Birmingham, AL 35205
p: 205-939-0199
f: 205-939-0399
email: mstephens@mmlaw.net
pwm@mmlaw.net

*Attorneys for Plaintiff and Proposed Class*

Dated:  September 29, 2015

**Defendant may be served at:**

Dent America Wholesale, Inc.
c/o Jayanti B. Desai, Registered Agent for Service of Process
348 Boonton Turnpike
Lincoln Park, NJ 07035